Opinion by JOHNSON, J. At the trial it was stipulated that the issue herein is similar to that involved in *United States* v. *Browne Vintners Co., Inc.* (34 C. C. P. A. 112, C. A. D. 351) and that the merchandise, consisting of 190 cartons of frozen fish, was missing and was not in fact landed, imported, nor received by the importer. In accordance with stipulation of counsel and following the decision cited, it was held that duty is not assessable upon said 190 cartons of frozen fish reported by the inspector as not found at the time of landing. The protest was sustained to this extent.

SEPTEMBER 4, 1952

**No. 56849.**—SUIT 4742.—United States v. National Tube Company.— —Reap. Dec. 8107. (Appeal dismissed July 10, 1952.)

BEFORE THE THIRD DIVISION, SEPTEMBER 9, 1952

**No. 56850.**—Leon Marks v. United States, protests 159449–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of earthenware teapots and coffeepots each encased in a metal felt-lined cozy, the same in all material respects as the merchandise the subject of *Leon Marks* v. *United States* (28 Cust. Ct. 98, C. D. 1393), the claim of the plaintiff was sustained.

**No. 56851.**—Air Express International Agency, Inc., and International Standard Electric Corp. v. United States, protests 176613–K and 178223–K (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of ½-watt or 1-watt carbon resistors, composed in chief value of metal, used chiefly as parts of radio apparatus, instruments, or devices, the claim of the plaintiffs was sustained.

**No. 56852.**—G. Brunella et al. v. United States, protests 816900–G, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of grenadine the same in all material respects as that the subject of *La Manna, Azema & Farnan, Inc.* v. *United States* (39 C. C. P. A. 44, C. A. D. 461), the claim of the plaintiffs was sustained.

No. 56853.—C. H. Arnold & Co. et al. *v.* United States, protests 962751–G, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of grenadine the same in all material respects as that the subject of *La Manna, Azema & Farnan, Inc.* v. *United States* (39 C. C. P. A. 44, C. A. D. 461), the claim of the plaintiffs was sustained.

No. 56854.—W. A. Cleary Corp. and W. R. Keating & Co., Inc. *v.* United States, protests 180198–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of lecithin (soybean residual sludge) similar in all material respects to that the subject of *United States* v. *C. J. Tower & Sons* (38 C. C. P. A. 131, C. A. D. 450), the claim of the plaintiffs was sustained.

BEFORE THE FIRST DIVISION, SEPTEMBER 10, 1952

No. 56855.—Sears, Roebuck and Co. *v.* United States, petition 6833–R (Chicago).

Opinion by MOLLISON, J. As revealed in the record, it appeared that the petitioner ordered the boots in question at a time when Canadian and United States dollars were in parity. However, at the time of exportation of the boots from Canada, the Canadian dollar was at a discount in relation to the United States dollar. The customs broker, on instruction from the petitioner, deducted on entry the difference between Canadian and United States dollars from the invoiced value. It developed, however, that the currency of sale as shown on the invoice was United States dollars, rather than Canadian dollars, as had been assumed by the petitioner. Subsequently, the petitioner contacted the shipper to ascertain the reason for invoicing the merchandise in United States dollars, and the interchange of correspondence took approximately 2 months. The merchandise covered by the entries involved was appraised before amended entries were filed by the petitioner. On the record presented, it was held that there was no intent to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise. The petition was therefore granted.